IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW ROBINSON,

    Plaintiff,

vs.                                                      Civ. No. 22-748 DHU/SCY

CENTURION CORRECTIONAL HEALTHCARE OF
NEW MEXICO, LLC et al.,

    Defendants.

**ORDER GRANTING MOTION TO STAY DISCOVERY**

This matter comes before the Court on Defendants David Jablonski, Orion Stradford, Steve Madrid, and David Selvage ("NMCD Defendants")'s Motion To Stay Litigation And Supporting Memorandum, filed December 1, 2022. Doc. 16.[1] The NMCD Defendants contemporaneously filed a Motion To Dismiss And For Qualified Immunity. Doc. 15. Plaintiff did not file a response to the Motion to Stay nor did Plaintiff file a Rule 7.1 notice of agreed-upon extension of time. The Court construes this non-filing as consent to grant the motion. See D.N.M.LR-Civ. 7.1(b).

The NMCD Defendants seek to stay all litigation in this matter, including all discovery, while the qualified immunity motion is pending. "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citation omitted). Accordingly, in cases where qualified immunity is

---

[1] Defendants filed an identical motion on December 19 without explanation for the duplicate filing. Doc. 24. This Order also disposes of that motion.

asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (same).

The Court GRANTS the request to stay discovery pending decision on the qualified immunity motion. The Court therefore vacates the deadlines and hearings in the Initial Scheduling Order, Doc. 6.

The breadth of the NMCD Defendants' request to stay *all litigation*, however, is less clear. The parties have not completed briefing on the most recently filed qualified immunity motion and will clearly continue to litigate that issue. Further, all defendants have not yet appeared. Those defendants may choose to appear and file their own motions. Thus, what litigation other than discovery, and what deadlines other than those in the in the Initial Scheduling Order, the NMCD Defendants seek to stay is ambiguous. If the NMCD Defendants seek to stay litigation beyond discovery or deadlines other than those contained in the Initial Scheduling Order, they must file a separate motion specifically identifying the aspects of the case they seek to stay.

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH
United States Magistrate Judge**